**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JAVIER GAVARRETE NAVARRO,

Petitioner,

v.

MERRICK B. GARLAND, U.S. Attorney General,

Respondent.

No. 22-65

Agency No.    A094-298-578

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 14, 2023
Pasadena, California

Before: BRESS and MENDOZA, Circuit Judges, and ERICKSEN,** District Judge.

Javier Gavarrete Navarro, a native and citizen of Honduras, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal from an Immigration Judge's (IJ) denial of asylum, withholding of removal pursuant to Section 241(b)(3) of the Immigration and Nationality Act (INA), and relief under the Convention Against Torture (CAT). Gavarrete Navarro also

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

challenges the BIA's denial of his motion to remand the proceedings to the IJ.

We review the agency's denial of asylum, withholding of removal, and CAT relief for substantial evidence. *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014); *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review the BIA's denial of a motion to remand for abuse of discretion. *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir. 1999).[1] We have jurisdiction under 8 U.S.C. § 1252, and we dismiss the petition in part and deny it in part.

1.      The BIA properly upheld the IJ's denial of asylum. The BIA found that Gavarrete Navarro did not establish changed circumstances in Honduras that would render his asylum application timely filed, *see* 8 C.F.R. 1208.4(a), where he applied roughly three years after losing temporary protected status. We discern no error in that conclusion. We lack jurisdiction to consider Gavarrete Navarro's argument that he is entitled to have his asylum application treated as timely pursuant to *Mendez Rojas v. Johnson*, 305 F. Supp. 3d 1176, 1188 (W.D. Wash. 2018), because he failed to first present that argument to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

---

[1]      Gavarrete Navarro presents no argument challenging the BIA's dismissal of his appeal from the IJ's denial of cancellation of removal based on extreme hardship to his U.S. citizen daughter.

2. The BIA did not err in affirming the IJ's denial of withholding of removal pursuant to Section 241(b)(3) of the INA. *See* 8 U.S.C. § 1231(b)(3). To be eligible for such relief, an applicant must show that it is more likely than not that, upon deportation, he would be subject to persecution based on one of the statutorily specified grounds. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021). The IJ found that Gavarrete Navarro did not show that any future persecution would be on account of a protected ground. We agree with the BIA that Gavarrete Navarro failed to meaningfully identify any error in the IJ's analysis. The BIA did not err by declining to consider arguments regarding protected grounds that Gavarrete Navarro presented for the first time on appeal. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam).

3. To be eligible for CAT relief, an applicant must show that he more likely than not will be tortured upon removal, and that the torture will occur "with the consent or acquiescence of a public official[.]" *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The IJ found, and the BIA agreed, that Gavarrete Navarro did not show that he more likely than not would be tortured in Honduras. The record does not compel a contrary finding.

4. The BIA did not abuse its discretion by denying Gavarrete Navarro's motion to remand the proceedings to the IJ so that Gavarrete Navarro could pursue lawful permanent resident status. A motion to remand "for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." *See* 8 C.F.R.

3                                                                                    22-65

§ 1003.2(c)(1) (stating requirements for motions to reopen); *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir. 2003) (en banc) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same."). The record contains no evidence that Gavarrete Navarro ever provided the BIA with an approved I-130 petition or a completed I-485 application. *Cf. Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008).

**PETITION DISMISSED IN PART AND DENIED IN PART.**[2]

---

[2] We **DENY** as moot Gavarrete Navarro's motion to stay removal (Dkt. No. 2).